J-S35004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: C.G.F., JR., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: A.F., MOTHER | : | |
| | : | |
| | : | No. 663 MDA 2022 |

Appeal from the Decree Entered March 31, 2022
In the Court of Common Pleas of Dauphin County Orphans' Court
at No(s):  66 AD 2021

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, J.:                    **FILED NOVEMBER 03, 2022**

A.F. (Mother) appeals from the decree entered March 31, 2022, that granted the petition filed by the Dauphin County Social Services for Children and Youth (Agency) to involuntarily terminate Mother's parental rights to C.G.F., Jr. (Child), born in February of 2014, pursuant to sections 2511(a)(1), (2), (5), (8) and (b) of the Adoption Act, 23 Pa.C.S. §§ 2101-2938.[1]  After review, we affirm.

In her brief, Mother set forth the following issue for our review:

1.  Did the trial court abuse its discretion, or commit an error of law by determining it was in the [Child's] best interest to have Mother's parental rights terminated by clear and convincing evidence?

Mother's brief at 4.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The parental rights of C.G.F. (Father) were also terminated on the same date; however, Father did not appeal the termination.

We review an order terminating parental rights in accordance with the following standard:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (quoting *In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005)). The burden is upon the petitioner to prove by clear and convincing evidence that its asserted grounds for seeking the termination of parental rights are valid. *R.N.J.*, 958 A.2d at 276. Moreover, we have explained that:

> The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id.* (quoting *In re J.L.C. & J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)). The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result. *In re Adoption of T.B.B.*, 835 A.2d 387, 394 (Pa. Super. 2003).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the comprehensive opinion authored by the Honorable John F. Cherry of the Court of Common Pleas of Dauphin County, filed on July 8, 2022. We conclude that Judge Cherry's well-reasoned opinion properly disposes of the issue raised by Mother.[2] Specifically, the trial court's opinion extensively discusses the testimony provided at the various hearings held in this matter, including the testimony given by a number of caseworkers from the Agency, as well as that provided by the psychologists that treated Mother. Essentially, Mother's arguments center on the credibility determinations made by the court, contending that the testimony put forth by her should have been believed rather than the testimony provided by the Agency's witnesses. Our standard of review prohibits this Court from overturning the trial court's credibility determinations so long as its findings are supported by the evidence of record. In this case, the court's credibility determinations are supported by an overwhelming majority of the evidence. Accordingly, we adopt Judge Cherry's opinion as our own and affirm the decree appealed from on that basis.

---

[2] Notably, the Agency has been involved with this family since 2010. At the time the termination petition concerning Child was filed, petitions relating to six of Child's siblings were also filed. Mother and Father voluntarily relinquished their parental rights to these six children.

Decree affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/3/2022</u>